**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**KEITH EDWARD ASHLOCK**                                                    **PETITIONER**

**V.**                            **CASE NO. 5:13CV00125 DPM/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                  **RESPONDENT**

<u>**RECOMMENDED DISPOSITION**</u>

**I**.        <u>**Procedure for Filing Objections**</u>

The following Recommended Disposition ("Recommendation") has been sent to

United States District Court Judge D. P. Marshall Jr.  Any party may file written

objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   <u>Background</u>

Petitioner Keith Edward Ashlock pleaded guilty to possession of crack cocaine in the Circuit Court of Garland County, Arkansas, on June 3, 2008.  (#2 at p. 32)  He was sentenced to 120 months in the Arkansas Department of Correction ("ADC").  Because he pleaded guilty, Mr. Ashlock was barred from filing a direct appeal, and he did not file a petition for post-conviction relief in State court under Arkansas Rule of Criminal Procedure 37.

He files this petition (#2) under 28 U.S.C. §2254 claiming:  (1) his vehicle was unreasonably searched, seized, and impounded in violation of the Fourteenth Amendment; (2) ineffective assistance of counsel, based on his lawyer's failure to file a motion to suppress; (3) he was denied fundamental fairness and suffered a miscarriage of justice under the Fourteenth Amendment due to his attorney's ineffective representation; and (4) extraordinary circumstances prevented him from filing a claim alleging a violation of his constitutional rights.

Mr. Ashlock supplemented his petition (#15) and further elaborated on all of his claims.  The supplement clarified his fourth ground for relief wherein he claims a violation of his Fifth Amendment right to Due Process and Sixth Amendment right to

effective assistance of counsel because his counsel had a conflict of interest and could not fairly represent him.  (#15 at pp. 10-12)

ADC Director Ray Hobbs has responded to the petition and supplement, contending that Mr. Ashlock's claims are either barred by the statute of limitations or procedurally defaulted.  (#5, #10, #16)  For reasons explained below, the Court recommends that Mr. Ashlock's Petition for Writ of Habeas Corpus (#2) and Supplement (#15) be dismissed with prejudice.

III.   **The Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period for a state prisoner to commence a federal habeas corpus proceeding under 28 U.S.C. § 2254.  The limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, Mr. Ashlock pleaded guilty.  Thus, he was precluded from filing a direct appeal.  ARK. R. APP. P. CRIM. 1(a); *Hewitt v. State*, 362 Ark. 369, 370, 208 S.W.3d 185, 186 (2005)(generally, under Ark. R.App. P.-Crim. 1, there is no right to appeal a guilty plea).  Consequently, Mr. Ashlock's conviction became final on the date the trial court entered the judgment and commitment order, June 9, 2008.  (#2 at pp. 32-33)  He had until June 9, 2009, to file a federal petition for writ of habeas corpus.  But he did not

file this habeas petition until April 22, 2013.  (#2)  Accordingly, his claims are barred

unless the statute of limitations can be tolled.

A.      *Statutory Tolling*

"The time during which a properly filed application for State post-conviction or

other collateral review with respect to the pertinent judgment or claim is pending shall not

be counted toward any period of limitation under this section."  28 U.S.C. § 2244(d)(2).

In this case, Mr. Ashlock did not file a State post-conviction petition.  Consequently, his

claims are barred by the statute of limitations unless he is entitled to equitable tolling.

B.      *Equitable Tolling*

The limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable

tolling in appropriate cases.  *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560

(2010).  A petitioner is entitled to equitable tolling, however, only if he shows that he

pursued his rights diligently, but some extraordinary circumstances stood in his way and

prevented a timely filing.  *Id*. at 2562 (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418

(2005)).

Here, Mr. Ashlock did not file his federal habeas petition until more than three

years after the statute of limitations had expired.  In *Pace*, the United States Supreme

Court found that a petitioner was not diligent when he waited five months after his

judgment of conviction became final to file his petition.  *Pace*, 544 U.S. at 419.

In *Nelson v. Norris*, 618 F.3d 886 (8th Cir. 2010), the Court of Appeals for this Circuit held that a nine-month delay in filing a habeas petition after the Arkansas Supreme Court had denied rehearing was not diligent. *Nelson*, 618 F.3d at 893. Mr. Ashlock has not been diligent in pursuing his rights.

He argues that the statute of limitations should be tolled because he lacked an understanding of the law, legal resources, and knowledge of the limitations period. (#2 at p. 13) Unfortunately for Mr. Ashlock, "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003)(citing *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000), cert. denied, 534 U.S. 863, 122 S.Ct. 145 (2001)).

This Court is bound by precedent to conclude that Mr. Ashlock's failure to realize the importance of the one-year limitations period set out in § 2244(d)(1) and his lack of knowledge of the law are not the kind of extraordinary circumstances beyond his control that warrant equitable tolling. Neither is a petitioner's failure to follow rules for filing state post-conviction petitions. See *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004)(holding that pro se petitioner's "misunderstanding of the Arkansas rules, statutes, and the time period set forth therein do not justify equitable tolling").

Mr. Ashlock also complains of ineffective assistance of counsel, but ineffective assistance of counsel, "where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance" that would warrant tolling of the statute of limitations. *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005) (citing *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002)). That said, serious attorney misconduct, as opposed to mere negligence, might warrant equitable tolling in cases where the petitioner claims gross negligence of counsel retained to file a habeas petition. *Id*.

In this case, Mr. Ashlock's first claims of ineffective assistance of counsel are raised in both his original petition (#2) and the supplement (#15). In the petition, he claims his counsel's failure to file a motion to suppress and failure to recuse due to a conflict constituted ineffective assistance of counsel.

Mr. Ashlock has been aware of his counsel's alleged failures since at least 2008; yet he never asserted an ineffective-assistance claim in a state habeas corpus petition, and the time for doing so has passed. ARK. R. CRIM. P. 37.2(c)(i) (providing 90 days for a defendant who has pleaded guilty to file a Rule 37 petition). Mr. Ashlock's lack of diligence in pursuing his claims precludes equitable tolling. *Pace v. Diguglielmo*, 544 U.S. 408, 419, 125 S.Ct. 1807, 1815 (2005)(petitioner's failure to diligently pursue his ineffective assistance of counsel claims precluded the application of equitable tolling).

6

**IV.** **Certificate of Appealability**

When entering a final order adverse to a habeas corpus petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. But a certificate of appealability may issue only if a petitioner has made a substantial showing that he was denied constitutional rights. 28 U.S.C. § 2253 (c)(1)-(2). In this case, Mr. Ashlock has not provided a basis for the Court to issue a certificate of appealability.

**V.** **Conclusion**

Mr. Ashlock's claims for habeas relief are barred by the one-year limitations period established by 28 U.S.C. § 2244(d). Accordingly, the Court recommends that Keith Edward Ashlock's petition for writ of habeas corpus (#2) be DISMISSED with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 4th day of June, 2013.

_____

UNITED STATES MAGISTRATE JUDGE